CLD-044                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2681
_____

ASIA JOHNSON,
                                             Appellant

v.

PRESIDENT DONALD J. TRUMP
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-18-cv-00970)
District Judge:  Honorable Nora B. Fischer

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 29, 2018
Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed: December 20, 2018)
_____

OPINION*
_____

PER CURIAM

    Asia Johnson appeals pro se the District Court's dismissal of her action under

28 U.S.C. § 1915(e)(2)(B).  The Government has filed a motion for summary affirmance.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

For the reasons set forth below, we will grant the Government's motion and summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

This is the eighth civil action that Johnson has brought in the United States District Court for the Western District of Pennsylvania in 2018. See D.C. Order at pg. 2 (listing other actions). In this complaint, Johnson alleged that, at the request of a group backing then-candidate Donald Trump, she had supported his candidacy, but with the understanding that he would pass over his presidency to Shawn Carter. Then "President Trump honored me forcing me into a self sacrifice putting me into the honor system leaving me homeless and me and my family under attack." Compl. at pg. 5. As damages, she sought to be awarded the Medal of Freedom and a declaration that "a black life is worth 3,364,875 million." Id. at 7.

Because Johnson applied to proceed in forma pauperis, the District Court screened her complaint under § 1915(e)(2). The Court concluded that "Plaintiff's rambling and incoherent Complaint lacks arguable merit in fact or law," and therefore dismissed it as frivolous and for failure to state a claim. D.C. Order at pgs. 3-4. Johnson filed a timely notice of appeal.[1] In this Court, the Government has filed a motion to summarily affirm the District Court's judgment.

---

[1] Johnson also filed a post-judgment motion, which the District Court denied. Because Johnson did not file a new or amended notice of appeal embracing the District Court's order denying that motion, this Court's jurisdiction is limited to the order dismissing the complaint. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Johnson's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

After reviewing Johnson's filings in the District Court and on appeal, we agree that the complaint lacks an arguable basis in law and fact, and we therefore conclude that the District Court correctly dismissed the complaint pursuant to § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (a complaint is frivolous if it "lacks an arguable basis either in law or in fact," which "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (a complaint's factual allegations are "clearly baseless" if they are "fanciful, fantastic, [or] delusional" (citations omitted)). Moreover, while generally a plaintiff should be granted leave to cure the deficiencies of a complaint subject to dismissal, we agree with the District Court's determination that such allowance would have been futile in this case. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.